*This opinion is subject to revision before final
publication in the Pacific Reporter.*

**2015 UT 57**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ROBERT ERVAN ZELLER and TERRI ZELLER,
*Appellees,*

*v.*

CHARLOTTE NIXON,
*Appellant.*

No. 20130775
Filed July 21, 2015

First District, Logan Dep't
The Honorable Glen R. Dawson
No. 120100210

Attorneys:

Matthew R. Feller, Mark K. Carlson, Brian L. Hansen, for appellee

R. Phil Ivie, Dallas B. Young, Provo, for appellant

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE PARRISH,
and JUSTICE HIMONAS joined.

ASSOCIATE CHIEF JUSTICE LEE: opinion of the Court:

¶1   This is a personal injury action arising out of an automobile
accident. The accident occurred when Charlotte Nixon crossed the
center line on 200 East near 900 North in Logan. Her car collided
with a vehicle driven by Robert Zeller. Robert and his wife Terri
filed a complaint against Ms. Nixon alleging claims for negligence
and loss of consortium.

¶2   The Zellers submitted their claims for arbitration under
Utah Code section 31A-22-321. In so doing, they accepted certain
statutory limits on their damages. *See* UTAH CODE § 31A-22-321(3)
(barring punitive damages for a claim submitted to arbitration
under this provision); *id.* § 31A-22-321(2)(a) (providing that the
plaintiff "is limited to an arbitration award that does not exceed

$50,000 in addition to any available personal injury protection benefits and any claim for property damage"). But they also opted in to a system (arbitration) that is thought to be quicker and less expensive than full-blown litigation. *See id.* § 31A-22-321(5)(b) (requiring discovery under this provision to "be completed within 150 days after the date arbitration is elected").

¶3 To facilitate the orderly disposition of claims, section 321 prescribes the terms for opting in to arbitration under this provision. It states that "[a] person injured as a result of a motor vehicle accident may elect to submit all third party bodily injury claims to arbitration by filing a notice of the submission of the claim to binding arbitration in a district court." *Id.* § 31A-22-321(1). And it also provides that the election of arbitration stands unless a notice of rescission is filed "within: (i) 90 days after the election to arbitrate; and (ii) no less than 30 days before any scheduled arbitration hearing." *Id.* § 31A-22-321(4)(a).

¶4 The Zellers did not file a notice of rescission within 90 days of electing arbitration. Beyond the 90-day rescission period, however, they moved to amend their complaint in a manner aimed (at least in part) at avoiding arbitration. The motion sought to add a claim for negligent entrustment against Nixon & Nixon, Inc., based on an allegation that the vehicle driven by Ms. Nixon was owned by that entity and had been entrusted to her despite knowing she had a history of strokes. In addition, the motion sought to undo the election of arbitration for the claims against Ms. Nixon.

¶5 In support of their motion, the Zellers identified new information that they had uncovered after the close of the statutory rescission period. That information came to light in part in initial disclosures provided by Ms. Nixon under Utah Rule of Civil Procedure 26(a). Ms. Nixon's disclosures indicated that she had had a history of strokes, and also that the vehicle she was driving was owned by Nixon & Nixon, thus providing a basis for the claim for negligent entrustment. Another development came about around the same time: Robert Zeller received a recommendation from a surgeon that he undergo a neurosurgical procedure involving his spine. That information prompted the Zellers to seek to avoid the damages cap for claims in arbitration under section 321.

¶6 Ms. Nixon opposed the motion to amend. She also filed a motion to compel arbitration. The district court granted the for-

mer motion and denied the latter. In so doing, the court acknowledged that the Zellers' motion threatened to circumvent the election and rescission terms of section 321. But it upheld the Zellers' right to amend on the basis of the finding that the "motive to circumvent the rescission deadline" was not the "driving factor" for the amendment. And it concluded that the Zellers "were justified" in seeking the amendment because Ms. Nixon's initial disclosures had been "untimely" and she would not be "substantially prejudiced" by the amendment.

¶7   In denying the motion to compel arbitration, the court found no tension between Utah Code section 31A-22-321 and Utah Rule of Civil Procedure 15. Although the statute expressly limits a plaintiff's right to rescind the election of arbitration to a 90-day period, the court deemed that limitation not to extend to claims asserted in an amended complaint. So the court found the standards set forth in rule 15 to control. And because it found a basis for an amendment under rule 15, the court denied the motion to compel arbitration—freeing the Zellers of the statutory limitations on their claims against Ms. Nixon and also allowing their claims to proceed against Nixon & Nixon.

¶8   This appeal followed. Ms. Nixon alleges two sets of errors in the district court's decision granting the motion to amend and denying the motion to compel arbitration. First, Ms. Nixon challenges the decision to allow the Zellers to undo their election of arbitration as to their claims against her. Second, she also challenges the decision to allow the Zellers to add claims against Nixon & Nixon. As to both sets of claims, Ms. Nixon relies on the election and rescission terms of Utah Code section 31A-22-321. She asserts that the election of arbitration for "third party bodily injury claims" under subsection 321(1) extends to *all* related claims, and that the election becomes final if not rescinded within 90 days under subsection 321(4).

¶9   We reverse in part (as to the claims against Ms. Nixon) and affirm in part (as to the claims against Nixon & Nixon). Unlike the district court, we see evident conflict between section 321 and rule 15. The statute provides a single path for rescission of a plaintiff's election of arbitration. Under subsection 321(4), "[a] person who has elected arbitration under this section may rescind the person's election" by one means only—by filing a notice of rescission "within: (i) 90 days after the election to arbitrate; and (ii) no less

than 30 days before any scheduled arbitration hearing." UTAH CODE § 31A-22-321(4)(a). The express statement of this single path for rescission is an evident exclusion of any other. *See* 2A NORMAN J. SINGER & J.D. SHAMBIE SINGER, SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION § 47:23 (7th ed. 2007) ("When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." (internal quotation marks omitted)). If an election of arbitration may be rescinded *only* by the filing of a notice of rescission within 90 days, then such election may not be undone by the subsequent filing of a motion to amend the complaint.[1]

¶10 The significance of the timing and finality of election and rescission are evident on the face of section 321. A personal injury case that proceeds by arbitration is fast-tracked. Discovery must be "completed within 150 days after the date arbitration is elected . . . or the date the answer is filed, whichever is longer." UTAH CODE § 31A-22-321(5)(b). Thereafter, the case is submitted to the arbitrator, *id.* § 31A-22-321(6), unless it is first resolved by the court on a dispositive motion, *id.* § 31A-22-321(9)(d). This fast track makes it necessary to limit rescission. The 90-day rescission period is of obvious importance to the proper functioning of the statutory scheme.

¶11 We interpret the statute to foreclose the use of rule 15 to circumvent the 90-day rescission period. If that period could be circumvented by a simple motion to amend the complaint against the same party named in the original pleading, the statutory re-

---

[1] At oral argument, counsel for the Zellers sought to resist this conclusion by citing a distinction between the mechanism of rescission under section 321 and the process of amendment under rule 15—by noting that the former is automatic, while the latter requires leave of court upon a showing that "justice so requires." *See* UTAH R. CIV. P. 15(a) (setting forth discretionary standard for amending complaint after service of responsive pleading). Perhaps that suggests that rule 15(a) is not a complete end-run around—or not a perfect substitute for—rescission under section 321. But that is insufficient. Statutory rescission is the *only* available mechanism for undoing an election of arbitration under section 321. Rule 15 is not a viable mechanism for a second bite at the apple.

scission period would be significantly undermined. We reverse the district court's decision as to the Zellers' claims against Ms. Nixon on that basis. The Zellers elected arbitration as to their "third party bodily injury claims" against Ms. Nixon under subsection 321(1), and they failed to file a notice of rescission within 90 days.

¶12 The Zellers' motive for filing a motion to amend is irrelevant under the statute. They appear to have acquired a good faith basis for second-guessing their original election of arbitration. The information that came to light after the rescission period ended would apparently justify a change of heart as to the wisdom of proceeding in arbitration (and subjecting themselves to the statutory cap on damages). But that is irrelevant under the statute. The statutory timeframes are clear and straightforward. A claimant's election of arbitration stands after the rescission period runs—whether or not the reason for the about-face is understandable.

¶13 That conclusion does not extend to the Zellers' claims against Nixon & Nixon, however. These are new claims against a new party. Such claims could have been asserted in a new complaint in a separate action. Our joinder rules *allow* such a claim to be joined or consolidated with related claims in a pending case. *See, e.g.*, UTAH R. CIV. P. 18(a) (plaintiff "may" join "as many claims either legal or equitable or both as he may have against an opposing party"); UTAH R. CIV. P. 20(a) ("All persons may be joined in one action as defendants" if causes of action arise "out of the same transaction [or] occurrence" and there is "any question of law or fact common to all of them."). But those rules do not typically *require* such joinder. *Krejci v. City of Saratoga Springs*, 2013 UT 74, ¶ 15, 322 P.3d 662 ("[T]he joinder decision is generally permissive. Parties are generally free to litigate in a piecemeal fashion if they so choose[,] [absent] a motion for joinder of a necessary party. . . ." (citation omitted)). And because the Zellers' claims against Nixon & Nixon could have been filed as a new complaint in an entirely separate case, we see no basis for deeming them to be encompassed within the election of arbitration as to their claims against Ms. Nixon.

¶14 Ms. Nixon claims to find such a basis in the terms of subsection 321(1). Because that provision states that "[a] person injured as a result of a motor vehicle accident may elect to submit *all* third party bodily injury claims to arbitration," UTAH CODE § 31A-

22-321(1) (emphasis added), Ms. Nixon asserts that *all* of the Zellers' claims arising out of the automobile accident in question are encompassed within the election of arbitration as to the claims against her. [AB. 12] We read the statute differently. We view it as permissive—as *broadening* the plaintiff's right to press in arbitration all claims amounting to "third party bodily injury claims."

¶15 Nothing in the terms or structure of this provision suggests the further implication advanced by Ms. Nixon—of extending an election of arbitration for claims asserted against *one defendant* to sweep in related claims that could later be asserted against a *second defendant*. The statutory permission to seek arbitration for "all" bodily injury claims is not a requirement to encompass any related claims once arbitration is elected as to one defendant; it is simply an indication that the statute does not limit the types of bodily injury claims that may be arbitrated. And, given the longstanding right of a plaintiff to assert separate claims against multiple defendants separately, *see supra* ¶ 13, we construe the election of arbitration in section 321 to be limited to the defendant(s) named in the complaint at the time the election is made.

¶16 We affirm the district court's decision as to the Zellers' claim against Nixon & Nixon on that basis. Nixon & Nixon was not a named defendant at the time of the Zellers' initial election of arbitration. The Zellers' earlier election of arbitration as to their claim against Ms. Nixon accordingly did not encompass their subsequent claim against the corporation. For that reason there was no error in allowing the claims against Nixon & Nixon to proceed in regular litigation outside of the arbitration process set forth in section 321.

¶17 Nor was there error in allowing such claims to be added as an amendment to the existing complaint. Perhaps in some arbitration proceedings, the court is divested of jurisdiction while arbitration is pending. But that is not the case for arbitration under section 321. As noted above, the district court retains jurisdiction during discovery and even for dispositive motions. UTAH CODE § 31A-22-321(9)(c), (d). So when this amendment was sought, the district court still had jurisdiction, and thus a basis for allowing the Nixon & Nixon claim to be added to this case (albeit outside the arbitration election as to the claims against Ms. Nixon).

¶18 For these reasons we reverse the district court as to the Zellers' claims against Ms. Nixon. Those claims are irretrievably subject to arbitration given the Zellers' failure to rescind their election of arbitration within 90 days. And we affirm the district court as to the Zellers' claims against Nixon & Nixon, albeit on a ground different from that identified below.

_____